CALDWELL, J.
In this case Brown averred in his answer that the claim ued upon by the trustee had been paid in money. It very clearly appeared to the court that the strict letter of that anwer was not sought to be complied with by the proof, but that the payment was in an equivalent of money,and partly in *661 money. Thereupon the oourt suggested an amendment of the answer, and counsel said that it was hi» opinion that the answer ought to be amended,but that his client who was a lawyer was unwilling to amend.
C. E. Pennewell, for Plaintiff in Error.
Blandin, Bice & Ginn, for Defendant in Error.
Then the testimony proceeded on behalf of defendant; and defendant himself swore that he paid all the sums of money in question or sued upon, in money.
When the plaintiff produced witnesses to show that it had not been paid in money, the defendant undertook to show that they were paid in full in some other way than in money. The court refused to allow the cross-examination to show that they were paid in some other way than in money.
The defendant then proceeded to amend. And the court then refused to allow him to amend. It is ■ laimed here that Brown under hits answer was entitled to show payment in any method, and the court erred in confining him to showing payment by money only.
The authorities show that if the plea of payment is a general one, that any mode of payment may be shown, but if the mode of payment is specific in the plea, then no other mode can be shown, and the court did not err in confining the testimony, under the answer, and upon the cross examination of the plaintiff’s witnesses, to a payment in money.
This court, from the record in this case, has no knowledge now of what mode of payment other than in money the defendant desired to setup. The court has no knowledge under what circumstances it would place the plaintiff as to his proof or as to going forward with the case at that time; and the allowing of an amendment to be made to a pleading is amatter largely in the discretion of the court, and yet, if it is abused, a reviewing court should correct it. Butin this case Brown had the opportunity to amend his answe r. In the first place he had the opportunity to set forth in his answer fully the whole transaction. In the second place he has the opportunity to amend his answer and would not avail himself of it, but proceeded until the case was substantially tried and ready for submission, and then did not so present hiB case as to show to this court what amendment he desired to make. Under these' circumstances we feel that we can not reverse this judgment, and it is affirmed.